FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2017 APR 19 PM 4: 45

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>ANTHONY TODD WEVERKA,<br><br>            Defendants | **SEALED**<br><br>4:17CR **3039**<br><br>INDICTMENT<br><br>18 U.S.C. § 4 |

The Grand Jury charges:

At all times relevant to this indictment:

1. ANTHONY TODD WEVERKA was a resident of Arapahoe, Furnas County, Nebraska. WEVERKA served as the President of the Arapahoe Airport Board. The Arapahoe Airport Board oversaw operations of the Arapahoe airport located near to the town of Arapahoe, Nebraska.

2. On or about March 7, 2016, "M.P.", an individual known to the Grand Jury, was charged in the Circuit Court of Tipton County, Tennessee, with two counts of Felony Possession of a Weapon. He was released pending trial subject to being required to wear an ankle bracelet to track his whereabouts.

3. On or about January 10, 2017, M.P.'s case was called for trial in the Circuit Court of Tipton County, Tennessee. M.P., having removed his ankle bracelet, failed to appear for trial. A warrant for his arrest was issued by a judge of the Circuit Court of Tipton County, Tennessee.

1

4. On or about January 10, 2017, M.P. fled Tennessee while piloting a 1964 Piper
   Cherokee with an obscured tail number. M.P. was intending to travel to British
   Columbia, Canada. M.P. stopped for the night at the Arapahoe, Nebraska, airport.
   M.P. arranged with WEVERKA for M.P. to spend the night on the premises of the
   Arapahoe airport.

5. On January 12, 2017, M.P. was arrested on the premises of the Arapahoe airport
   by state and federal law enforcement officers. He was transported to Beaver City,
   Nebraska, and lodged at the Furnas County Jail pending extradition to the State of
   Tennessee.

6. S.H., an individual known to the Grand Jury, was a resident of British Columbia,
   Canada. S.H. represented she was the Chief Justice of the Universal Supreme
   Court of the Tsilhqot'in Nation, (hereafter referred to as USCTN). The USCTN
   purports to represent the "country" of Chilcotin in British Columbia, Canada.
   Representatives of the USCTN claim sovereignty over aboriginal lands of the
   Tsilhqot'in Nation, a recognized First Nations government serving the needs of
   tribal members who are primarily located in British Columbia, Canada. Despite
   its claims to the contrary, the USCTN is not affiliated with the Tsilhot'in Nation
   and representatives of the USCTN are not tribal members.

7. M.P. has represented himself to be an Ambassador and Associate Chief Justice of
   the USCTN.

8. From on or about January 11, 2017, through on or about March 16, 2017, S.H.
   issued various documents purporting to be court orders of the USCTN which

2

orders exonerated M.P. of all criminal offenses and directed his immediate release from jail. When the orders were ignored by authorities in the United States, S.H. issued "warrants" demanding the arrest and extradition of the Furnas County Sheriff and Tipton County, Tennessee, Circuit Judge.

9. On or about February 16, 2017, S.H. called an individual in New Orleans, Louisiana, who operates a fugitive recovery business. In common parlance, the individual in New Orleans, Louisiana, worked as a "bounty hunter." S.H. asked the individual to enter into a contract whereby the individual would break M.P. out of jail and bring him to British Columbia, Canada. S.H. also solicited the individual to take the Furnas County Sheriff and the Judge in Tipton County, Tennessee, who presided over M.P.'s case, into custody and transport them to British Columbia, Canada, to answer charges brought against them by the USCTN. S.H. also solicited the individual to take possession of the plane M.P. had flown to the Arapahoe airport and have it flown to Canada.

10. Between January 11, 2017, and March 8, 2017, ANTHONY TODD WEVERKA learned of the plot to take the Furnas County Sheriff into custody but continued to speak with S.H. and others he believed to be working with her.

11. On or about February 21, 2017, through on or about March 8, 2017, ANTHONY TODD WEVERKA, provided the home address of the Furnas County Sheriff to S.H.

12. On or about March 10, 2017, through on or about March 17, 2017, ANTHONY TODD WEVERKA spoke with the Furnas County Sheriff on several occasions

3

and warned him his life might be in danger and advised him to be cautious. However, ANTHONY TODD WEVERKA did not disclose his full knowledge of the plan to have the Sheriff abducted and made false statements to the Furnas County Sheriff.

13. On March 16, 2017, ANTHONY TODD WEVERKA met with an individual whom he believed to be affiliated with the bounty hunter from New Orleans, Louisiana. He showed the individual the airplane flown to the Arapahoe airport by M.P. and told him: "You tell me and the thing can be sitting right there tied down, the key can be in it. In fact, I can even have the A&P dude back there check it out, maybe run it up and down the runway once just make sure the fucking thing is ready to rip." He advised he only wanted to be involved "with the airplane" and said he believed M.P. was being treated unfairly in the state proceedings in Tennessee.

## COUNT 1

14. The Grand Jury incorporates paragraphs 1 through 13 inclusive and further alleges as follows:

15. On or about the 21st day of February, 2017, through on or about the 17th day of March, 2017, in the District of Nebraska, the defendant, ANTHONY TODD WEVERKA, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Solicitation to Commit a Crime of Violence in violation of 18 U.S.C. § 373 and Attempted Kidnapping in violation of 18 U.S.C. § 1201(d), did conceal the same by false statements, substantial omissions of material

facts and continuing to provide assistance to those whom he believed were attempting to commit such crimes, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States,

In violation of Title 18, United States Code, Section 4.

A TRUE BILL:

FOREPERSON

The United States of America requests that trial of this case be held at Lincoln, Nebraska, pursuant to the rules of this Court.

JAN W. SHARP
Assistant U.S. Attorney

5